## Serval Vendors, Inc. v. Kipp

*Tom H. Bietsch* and *Arthur Berman*, for plaintiff.

*William L. Sunday* and *H. Joseph Hepford*, for defendants.

JACOBS, J., June 16, 1964.—Plaintiff and defendants are engaged in selling similar merchandise by means of vending machines in the same general area. The complaint seeks to enjoin defendants from soliciting customers of plaintiff and from competing with plaintiff for locations in which to place vending machines. Plaintiff claims that the individual defendant when he was an employe of plaintiff entered into an agreement not to solicit or compete and that both defendants are engaged in unfair trade practices and in tortious interference with plaintiff's advantageous business relationships. Answers were filed by both the corporate defendant and the individual defendant denying the allegations of the complaint in all respects. In addition, the individual defendant seeks to recover from the plaintiff a bonus of $500 per year which he alleges plaintiff agreed to pay him while he was employed by plaintiff.

The issues presented for determination are as follows: Did Othnel O. Kipp, when he was employed by

plaintiff on or about May 14, 1956, enter into an agreement not to solicit plaintiff's customers or compete with plaintiff after leaving its employ? Are either or both defendants engaged in unfair competition with plaintiff? Has either or both of the defendants tortiously interfered with plaintiff's advantageous business relationships? Did plaintiff agree to pay Othnel O. Kipp a bonus of not less than $500 per year during the time he was employed by plaintiff?

## Findings of Fact

1. Serval Vendors, Inc. is a Pennsylvania corporation having its principal place of business in Harrisburg, Pennsylvania.

2. On November 22, 1952, Cigarette Service Company, by articles of amendment to its articles of incorporation changed its corporate name to Serval Vendors, Inc.

3. Defendant, Othnel O. Kipp, is an individual residing in New Cumberland, Cumberland County, Pa.

4. Defendant, Kipp Vendors, Inc., is a Pennsylvania corporation having its principal place of business in New Cumberland, Cumberland County, Pa.

5. Both plaintiff and the corporate defendant are engaged in selling cigarettes, cigars, candies and miscellaneous foods by means of vending machines.

6. Defendant, Othnel O. Kipp, is sales manager of Kipp Vendors, Inc.

7. On July 1, 1952, defendant, Othnel O. Kipp, was employed by the plaintiff, at that time operating under the name of Cigarette Service Company, as a supervisor, said contract of employment being in writing and being plaintiff's exhibit no. 1.

8. Said written contract contained a promise on the part of Othnel O. Kipp that after the termination of his employment with plaintiff he would not solicit the locations of the plaintiff's vending machines for himself or

for any other person or company in which he might be interested.

9. Othnel O. Kipp voluntarily left the employment of plaintiff on or about May 15, 1954.

10. On or about May 14, 1956, Othnel O. Kipp was again employed by plaintiff to serve in the capacity of route supervisor, contact man, canvasser, assistant manager and sales manager.

11. This employment was made orally.

12. The terms of the written contract of July 1, 1952, were not incorporated into the reemployment contract in May, 1956.

13. In the oral contract entered into in May, 1956, there was no agreement on the part of Othnel O. Kipp not to compete with plaintiff for locations for vending machines upon the termination of his employment with the plaintiff.

14. Othnel O. Kipp voluntarily terminated his employment with the plaintiff on or about August 9, 1962.

15. At the time Othnel O. Kipp left the plaintiff he knew practically all of the customers of the plaintiff and knew the locations of the plaintiff's vending machines.

16. On or about March 15, 1963, Kipp Vendors, Inc. was organized as a Pennsylvania corporation and has been competing with the plaintiff for locations.

17. Since Othnel O. Kipp left plaintiff and since defendant corporation has been formed, defendant corporation has replaced plaintiff's vending machines in 31 locations.

18. Plaintiff has its vending machines placed in more than 1,000 locations in the area where it seeks to restrain defendants from competing.

19. When Othnel O. Kipp was reemployed by plaintiff on or about May 14, 1956, it was agreed that he would receive a salary of $600 per month and traveling expenses.

20. There was no agreement at that time or at any later time that Othnel O. Kipp was to receive any fixed bonus.

21. The matter of a bonus, if any, for Othnel O. Kipp was entirely discretionary with the plaintiff.

22. Donald Kipp was employed as a route salesman and supervisor by the plaintiff for a period of five or six years beginning in 1956 or 1957.

23. Donald Kipp, his wife, Joan, and Othnel O. Kipp are the only persons interested in Kipp Vendors, Inc.

## Discussion

What the contractual arrangements were between plaintiff and Othnel O. Kipp can be determined by the burden of proof. Naturally the burden of proof is on the plaintiff to show his case by a fair preponderance of the evidence. The burden is on the defendant, Othnel O. Kipp, when he alleges an affirmative defense, as he has in this case in regard to the alleged $500 bonus, to prove his case by the fair preponderance of the evidence. The chancellor sitting as the fact finding body finds that neither plaintiff nor Othnel O. Kipp has met his burden by the fair preponderance of the evidence.

The testimony of Mr. Coplin in regard to the re-employment of Mr. Kipp is not clear and convincing, and his was the only testimony offered by the plaintiff. He states that "We agreed that we would re-employ Mr. Kipp under the terms very similar to the previous terms with the exception of the amount of payment to be received and the position that he was to hold. We agreed that all the terms of his contract would remain." This seems extremely improbable when we glance at the 1952 contract. There were several terms of that contract which it is unlikely the parties intended to renew. The contract provided for the continuance of employment in the same job the employe held. The contract of employment was limited to a period of twelve months

unless the company decided to keep the employe. In addition Mr. Coplin admits that the position and pay were changed. Due to the care with which the restrictive covenant was phrased in the 1952 contract and plaintiff's experience with writing such contracts and requiring the same from its employes, it is very likely that the plaintiff would have required Mr. Kipp to sign a written contract if it intended to bind him with such a restrictive covenant.

Mr. Kipp's testimony in regard to the alleged $500 bonus is even weaker and more unlikely. All that he says on page 42 of the notes of testimony of the second hearing is this: "He said he would advance me the money and we'd set it up on a program whereas I would be credited $500.00 a year minimum. In other words, this was kind of like a bonus." This was an improbable arrangement between two business men. In fact, when we consider the backgrounds of Mr. Coplin and Mr. Kipp and their experience in a highly competitive business, the chancellor finds that had they intended the arrangements to be as they have outlined them they would have put them in writing. Mr. Kipp's version is considerably weakened by the fact that $40 a month was deducted from his pay check and credited on the advancements and he signed a renewal of the note without protest. The chancellor finds it hard to believe that Mr. Kipp was intimidated into signing a renewal note as he alleges.

The vending machines of plaintiff are located in restaurants, bars, industrial plants and recreation areas. The locations were obtained through solicitation by the sales manager of plaintiff. Plaintiff and its predecessor were in business for many years, at least 25, and built up a list of locations over the years. Those locations have become a valuable asset of plaintiff. We believe that plaintiff is entitled to protection in regard to those locations under the decision in Morgan's Home

Equipment Corporation v. Martucci, 390 Pa. 618. The locations in this case were not simply names acquired from published directories but were firm sales outlets acquired after considerable work on the part of plaintiff and its employes. The terms of the contracts with the owners of the locations was certainly information which plaintiff was entitled to hold confidential. However, this information was known to Othnel O. Kipp and Donald Kipp by reason of their employment by plaintiff. On the reasoning of the Morgan case we hold that it was unfair competition for defendants to solicit plaintiff's locations and attempt to persuade the owner of the location to put in the Kipp vending machine. Since the relief requested is injunctive, and we have decided that unfair competition exists which must be enjoined it is unnecessary for us to decide whether or not there was tortious interference with plaintiff's contracts.

### Conclusions of Law

1. When defendant, Othnel O. Kipp, was reemployed by plaintiff in May, 1956, the terms of his reemployment did not include a restriction against competing with plaintiff after he left plaintiff's employment.

2. In competing for locations of vending machines heretofore held by plaintiff, defendant, Othnel O. Kipp, is not in violation of any agreement made by him.

3. The names of plaintiff's customers and the locations of plaintiff's machines are confidential information and are a valuable asset of plaintiff.

4. Defendants in soliciting the locations and customers of plaintiff which were known to Othnel O. Kipp when he left the plaintiff's employ are engaging in unfair competition.

5. The plaintiff did not at any time agree to pay Othnel O. Kipp any bonus, and plaintiff is not indebted to Othnel O. Kipp in any amount on account of any bonus agreement.

## Decree Nisi

And now, June 16, 1964, at 8:30 a.m., (E. S. T.), upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows:

Defendants, Othnel O. Kipp and Kipp Vendors, Inc., their agents, attorneys, employes and assigns, and each of them, are enjoined from soliciting any of the present locations or customers of plaintiff which were locations or customers of plaintiff at the time Othnel O. Kipp left the employment of plaintiff, and from making the names of any such locations or customers available to any third person or corporation engaged in the same business or business similar to that of plaintiff for a period of one year from the date a final decree is entered.

All other relief asked for by plaintiff is denied and the relief asked for by defendant, Othnel O. Kipp, in his new matter is denied.

One-half of the costs shall be paid by plaintiff, Serval Vendors, Inc., and one-half of the costs shall be paid by defendant, Kipp Vendors, Inc.

The prothonotary is directed to give prompt notice of the filing of this decree to the parties.